**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PESTICIDE ACTION NETWORK NORTH AMERICA and NATURAL RESOURCES DEFENSE COUNCIL, INC., | No. 12-71125 |
| PESTICIDE ACTION NETWORK NORTH AMERICA and NATURAL RESOURCES DEFENSE COUNCIL, INC., | MEMORANDUM* |
| Petitioners, | |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Respondent, | |
| UNITED STATES OF AMERICA, | |
| Real Party in Interest. | |

Argued and Submitted February 4, 2013
Submission Withdrawn February 6, 2013
Re-submitted July 10, 2013
Seattle, Washington

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Pesticide Action Network North America and Natural Resources Defense Council, Inc. (collectively "PANNA") petition this court for a writ of mandamus requiring the United States Environmental Protection Agency ("EPA") to respond within 60 days to its September 12, 2007 petition ("2007 Petition") asking EPA to ban the pesticide chlorpyrifos. Because this court would have exclusive jurisdiction to review any final action taken by EPA in response to the 2007 Petition, we have jurisdiction to review a challenge to EPA's failure to act. *See In re Cal. Power Exch. Corp.*, 245 F.3d 1110, 1119-20 (9th Cir. 2001). We deny the petition.

**I.**

EPA has a statutory duty to respond to PANNA's petition in one of three ways, by issuing: a final regulation, a proposed regulation, or an order denying the petition. 21 U.S.C. § 346a(d)(4)(A). When EPA fails to act on a petition, a petitioner may seek judicial review under the Administrative Procedure Act to compel EPA to act. *See* 5 U.S.C. § 706 ("The reviewing court shall– (1) compel agency action unlawfully withheld or unreasonably delayed.").

"While agencies cannot insulate their decisions from Congressionally mandated judicial review simply by failing to take 'final action,' our authority to issue mandamus relief from agency inaction is narrow indeed." *In re Cal. Power Exch. Corp.*, 245 F.3d at 1124. "Nevertheless, when as here an agency has a statutory duty to avoid 'unreasonable delay,' we must review the ongoing proceedings to determine 'whether the agency's delay is so egregious as to warrant mandamus.'" *Sierra Club v. Thomas*, 828 F.2d 783, 797 (D.C. Cir. 1987) (quoting *Telecomms. Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 78 (D.C. Cir. 1984) ("*TRAC*")).

## II.

Applying the six-factor test set forth in *TRAC* for determining whether to compel agency action on the basis of unreasonable delay, we deny the petition. *See In re Cal. Power Exch. Corp.*, 245 F.3d at 1124–25 (explicitly adopting the D.C. Circuit's six-factor test); *Independence Min. Co., Inc. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997).

**1.** The time EPA has taken to consider the 2007 Petition is not unreasonable in light of the complexity of the issue. "There is no per se rule as to how long is too long to wait for agency action." *In re Core Commc'ns, Inc.*, 531 F.3d 849,

-3-

855 (D.C. Cir. 2008) (quoting *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004)).

PANNA argues that there is "no clear end to the delay in sight." Yet EPA's subsequent response in this court has set forth a concrete timeline for final agency action that would resolve the 2007 Petition by February 2014.

Moreover, EPA has pointed to concrete steps that it has taken from 2007 to the present to work toward resolving the complicated scientific questions posed by the 2007 Petition, including convening four Scientific Advisory Panels, and issuing a preliminary Human Health Risk Assessment, an updated evaluation of pesticide spray drift risk, and a partial response to the 2007 Petition.

**2.** The relevant statutes regulating chlorpyrifos—the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. § 346a, and the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 *et. seq.*—do not require EPA to respond to the 2007 Petition on a particular timeline, and instead require EPA to prioritize other petitions.

As PANNA readily admits, FFDCA and FIFRA "do not provide a fixed deadline for EPA to respond to a petition to revoke tolerances." EPA is required by FFDCA to prioritize certain other petitions and to expedite, within one year, action on a certain subset of those petitions. 21 U.S.C. §§ 346a(d)(4)(B) & (C).

-4-

Absent the 2007 Petition, FIFRA would not require EPA to evaluate chlorpyrifos until 2022. 7 U.S.C. § 136a(g)(1)(A)(iii). These statutory provisions lend significant support to EPA's argument that the time it has taken to respond is reasonable.

**3. & 5.** PANNA forcefully argues that human health and welfare are at stake and therefore delay may be particularly unreasonable. However, this factor is not dispositive here. First, EPA found current chlorpyrifos exposures "safe" in 2006, and EPA does not presently believe that current levels of exposures result in serious harm. Second, EPA, by its nature, regulates almost entirely in the realm of human health and welfare. In such circumstances, we agree with the D.C. Circuit's observation that "whether the public health and welfare will benefit or suffer from accelerating this particular rulemaking depends crucially upon the competing priorities that consume EPA's time, since any acceleration here may come at the expense of delay of EPA action elsewhere." *Sierra Club*, 828 F.2d at 798. Therefore, neither the fact that EPA's decision concerns human health nor the scope of the potential harm justifies issuing a writ of mandamus at this time.

**4.** The fourth *TRAC* factor requires that we "consider the effect of expediting delayed action on agency activities of a higher or competing priority."

*Independence Min. Co., Inc.*, 105 F.3d at 507 n.7. EPA argues that its proposed time frame for resolving the petition is reasonable in light of its other statutory obligations. We agree. Among other priorities, under FIFRA, EPA must make registration decisions on pesticide applications on time frames running from three months to two years; and EPA has received 1,500 such annual applications over the last three years. This factor therefore weighs against granting the petition.

**6.** The final *TRAC* factor does not relate to evidence that must affirmatively be weighed, but rather merely notes that the court need not find any agency impropriety in order to find an "unreasonable delay." *Independence Min. Co., Inc.*, 105 F.3d at 507 n.7. Here, there is no allegation of impropriety, and thus this factor deserves little mention.

### III.

"In the final analysis, we weigh all the relevant factors and determine whether they point in favor of court intervention." *Id*. at 512. Balancing the competing interests, we conclude that a writ of mandamus is not warranted at this time.

Although it is well established that we may retain jurisdiction over the 2007 Petition to ensure that EPA acts expediently, we decline to do so here. *See TRAC*,

750 F.2d at 80. However, our denial of the petition is without prejudice to seeking the same relief at a future date in the event EPA fails to act.

**PETITION DENIED.**