Dennis Jacobs, Circuit Judge, dissenting:
The plaintiffs seek a declaration that the classification of marijuana as a Schedule 1 substance is unconstitutional because it does not reflect contemporary learning regarding the drug's medicinal uses. I agree with the District Court that this case must be dismissed for failure to exhaust administrative remedies in the Drug Enforcement Agency ("DEA"). The majority opinion does not actually disagree, though it seems to treat lack of jurisdiction as a prudential speed bump. I dissent from the majority opinion's decision to hold the case in abeyance so that we may turn back to it if, at some future time, we get jurisdiction.
The majority posits that jurisdiction may materialize if the plaintiffs, claiming emergency, do not obtain a prompt decision on their not-yet filed petition to the DEA-but this seems to be no all-fired emergency, given that the plaintiffs are afforded half a year to file a petition on which hang supposed "serious, life-or-death" consequences. Majority Op. 113. For the following reasons, the plaintiffs' claims of emergency are tenuous, and constitute a further argument against retaining jurisdiction that we do not have in order to hurry along an administrative decision on a petition that has not been filed.
• Plaintiffs Dean Bortell and Sebastien Cotte sue on behalf of their severely ill children, who rely on marijuana for treatment. Bortell and Cotte concede that their children get all the treatment they need, including marijuana, and dwell in states that do not outlaw it or that do not enforce any vestigial prohibition; their grounds for claiming urgency are that their children are unable to take that medicine with them if they travel onto federal lands or into states where marijuana is illegal. The parents add that they suffer fear they might be subject to federal prosecution because they are involved in their children's medical treatment. I view these claims as contrived and fanciful. Nobody need fear severe consequences for administering medical marijuana to sick children.
• Jose Belen is a veteran with post-traumatic stress disorder who successfully uses marijuana to manage his symptoms, but complains that his travel is restricted and that he cannot take full advantage of his veterans benefits (presumably for the government to pay for the marijuana).
• Plaintiff Marvin Washington asserts that he is impeded from seeking federal aid to expand his business so that he can sell cannabis products. No emergency here, and likely no standing either.
• Finally, the Cannabis Cultural Association assists people of color who wish to participate in the cannabis industry but who cannot because they jumped *123 the gun, and have been arrested or convicted for cannabis use. I cannot see that this Association has standing to challenge the classification of marijuana under the nation's drug laws, let alone to seek an emergency resolution of that issue.
* * *
As to the Judgment below, which dismissed the claims for failure to exhaust administrative remedies, I agree with the District Court-and with the majority opinion, which agrees that exhaustion is required (at least for now).
I part company with the majority opinion insofar as it holds the case in abeyance with the expectation of taking some measures if the DEA fails to act with "adequate dispatch." Majority Op. 122. Our failure to dismiss the case now is error for several reasons that are easily stated.
First, it is common ground that the case was properly dismissed under 12(b)(1) for failure to exhaust remedies; so neither this Court nor the District Court has jurisdiction to grant a remedy. And we cannot simply decide to wait for jurisdiction that (as we are properly ruling) we do not have. Our job as a circuit court is to issue mandates. We do not fulfill the requirements of the job by holding a case in abeyance on the off chance that we may get jurisdiction to decide it in the future.
Second, the terms of the hold on this case are without content: we may take "whatever further action" if the agency fails to act "promptly" or "with adequate dispatch" or "[with] appropriate speed" or "with alacrity". Majority Op. 121-22. This is of no help-the DEA is unlikely to discern what "adequate dispatch" or "appropriate speed" may mean for an issue that (as the majority opinion observes) "stretch[es] back decades".[1] Majority Op. 113.
* * *
Given all this, it would be surprising if solid precedent supported this procedural invention. The majority opinion adduces none. The majority thinks that United States v. Kiffer, 477 F.2d 349 (2d Cir. 1973), "makes clear that, when appropriate, we do have the power to act even if the administrative agency has not." Majority Op. 120. But in that case, the Court excused administrative exhaustion only because the defendant had shown that exhaustion would be futile and unduly prejudicial. Id. at 351-352 ("[I]t appears now that the administrative route for [the defendants] would at best provide an uncertain and indefinitely delayed remedy ... [and impose on them a] severe burden."). Accordingly, Kiffer stands only for the uncontroversial proposition that exhaustion may be excused where it would be futile or unduly prejudicial; it does not condone waiting around until an exception is met. The majority opinion (correctly) concludes that the plaintiffs do not meet the requirements for either exception. The relevance of Kiffer ends there.
The majority opinion relies on Telecommunications Research & Action Center v. F.C.C., 750 F.2d 70 (D.C. Cir. 1984) (" TRAC v. F.C.C."); but that Court decided a mandamus petition (none is before us here). Moreover, the court did not hold the *124 case in abeyance, but retained jurisdiction (that it already had) only to ensure that the agency fulfilled its sua sponte promise to address the issue expeditiously. And the court gave the agency specific direction. Id. at 80-81 (directing the agency to advise the Court of its progress every 60 days).
The majority opinion's "e.g." cite to a single Ninth Circuit summary order does not bespeak a wealth of examples. In that case as well, the court considered a mandamus petition. It decided that a writ of mandamus was not warranted, and declined to retain jurisdiction, citing only TRAC v. F.C.C. for the proposition that it could have retained jurisdiction if it wanted to. In re Pesticide Action Network N. Am., 532 F. App'x 649, 652 (9th Cir. 2013). (The parenthetical quote from Pesticide classifies itself as "well-established"-often a tell that the point is a novelty.) The majority's remaining authority, a concurring opinion by Judge Calabresi, advances the speculative idea that courts may prod government when laws outlive the views of the bien pensant community. None of these cases supports the idea that a court is permitted to hold a case in abeyance because the court may on contingency gain jurisdiction to hear it, and can bully the agency in the meantime. As near as I can make it out, the holding of the majority opinion is: a court without jurisdiction should proceed with caution.
* * *
I doubt that the DEA will be hurrying its work on an application that these plaintiffs have not yet filed, seeking administrative action on an old and ramified controversy. Unless the panel opinion precipitates a swift administrative rejection, there is no reason to anticipate a swift ruling that entails the assessment of countervailing risks, the pendency of legislation, and the eliciting of opinions on issues of medicine and public health. So I fully expect to see further proceedings in this appeal. No one can tell what this panel could do then, or (more accurately) would do. In the meantime, the one thing that will not happen is the issuance of the mandate, since I presume the majority will not thus oust this panel and this Court of the ability to take "whatever further action" may be necessary. Majority Op. 121-22. As and when this case returns to this Court and this panel, I will be an interested and bemused spectator.

The majority opinion also limits its "purview" to a failure of the agency to act with "adequate, if deliberate, speed." Majority Op. 122. The echo of that phrase from Brown v. Board of Education II is unfortunate, however, given that, in the many decades since, school integration is an unfinished project. The phrase seems to be derived from Admiralty law in the days of sail, which likewise offers no useful context. And in Francis Thompson's "Hound of Heaven," "deliberate speed" is the pace by which God pursues us. No help there either.